FILED
SEP 28 2010
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | 3:10CV-407 RL |
| v. | ) ) | |
| FAROS, INC., *d/b/a* THE LIGHTHOUSE RESTAURANT, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Irene C. Hulse Brown who has been adversely affected by such practices. As alleged with greater particularity in paragraph seven below, the Commission alleges that Defendant allowed Irene C. Hulse Brown to be sexually harassed because of her sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Faros, Inc., an Indiana Corporation, has continuously been doing business in the State of Indiana and the City of Michigan City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Faros, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Irene C. Hulse Brown filed a charge with the Commission alleging violations of Title VII by Defendant Faros, Inc *d/b/a* The Lighthouse Restaurant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2008, Defendant Employer has engaged in unlawful employment practices at its Michigan City restaurant, in continuing violation of Section 703 (a)(1) of Title VII, 42 U.S.C. § 2000e-(2)(a) by allowing one of its male managers to sexually harass Irene C. Hulse Brown and thus, subjecting her to sexual harassment.

8. The effect of the practices complained of in paragraph seven above has been to deprive Irene C. Hulse Brown of equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practice complained of in paragraph seven above was intentional.

10. The unlawful employment practice complained of in paragraph seven above was done with malice and with reckless indifference to the federally protected rights of Irene C. Hulse Brown who was sexually harassed by Defendant's manager.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Irene C. Hulse Brown, by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

D. Order Defendant Employer to make Irene C. Hulse Brown whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

E. Order Defendant Employer to pay Irene C. Hulse Brown punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

ROBIN M. LYBOLT, #20999-30
Trial Attorney,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5049
Fax: (317) 226-5571
robin.lybolt@eeoc.gov