IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Case No. 3:10-cv-0407-RL-CAN ) ) |
| v. | ) ) |
| FAROS, INC., *d/b/a* THE LIGHTHOUSE RESTAURANT, | ) ) ) ) |
| Defendant. | ) ) |

**CONSENT DECREE**

This action was instituted by the Equal Employment Opportunity Commission ("EEOC") under the authority granted to it under Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1). The EEOC's action was brought to correct alleged unlawful employment practices on the basis of sex. Specifically, the EEOC alleged in its Complaint that Faros, Inc., d/b/a the Lighthouse Restaurant ("Faros") subjected Irene C. Brown-Hulse to sexual harassment in violation of Title VII.

The EEOC and Faros hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised the Court that they desire to resolve the remaining allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the

subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties related to this lawsuit as provided in paragraphs 1 through 12 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Faros shall comply with all provisions of Title VII, and in particular will maintain a work environment that is free from sexual harassment for all employees.

2. Faros shall not discriminate or retaliate in any way against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony, assistance, or participation in any manner in an investigation, proceeding or hearing under Title VII.

3. Faros will pay Irene C. Brown-Hulse or her heirs and assigns in the event of her death, $23,000 as compensatory damages in settlement of this lawsuit. Faros shall not deduct from this amount the employer's share of any costs, taxes or social security required by law to be paid by Faros. Faros shall issue an IRS Form 1099 to Ms. Brown-Hulse. Faros shall make one payment by check and made payable to Irene C. Brown-Hulse and sent to her by certified mail at 913 N. Rensselaer St. Griffith, IN 46319. Upon entry of this Consent Decree, the EEOC will forward a release (see Appendix A) to Irene C. Brown-Hulse for her execution. The EEOC will notify counsel for Faros on receipt of the release executed by Ms. Brown-Hulse. Then, within fifteen (15)

days, Faros shall mail the check, by certified mail, to Ms. Brown-Hulse. Faros shall mail a copy of Ms. Brown-Hulse's check and proof of its delivery to Ms. Brown-Hulse (a signed certified mail receipt) to the EEOC. Upon receipt of proof of delivery of the checks to Irene C. Brown-Hulse, the EEOC shall forward the release to counsel for Faros.

4. No later than five days after the date of entry of this decree, Faros shall post the Notice of Non-Discrimination Policy attached as Appendix B to this decree in a conspicuous location visible to all applicants and employees in all restaurants owned by Faros, Inc., and/or Dennis Tripidos. Said notice shall remain posted throughout the term of this Decree.

5. Within 45 days of the date of entry of this decree, Faros shall devise and implement an anti-discrimination and anti-harassment policy, which will include complaint procedures that identify the name and telephone number of an individual who is not related in any way to any of Faros' owners, officers, directors, or principals and is physically located outside of Faros's restaurants, to whom Faros' employees may report complaints of sexual harassment or other discrimination. This outside individual will be informed of all complaints of harassment that are reported to any of Faros managers or supervisors. The individual shall also maintain records of all complaints of harassment that are received during the term of this Decree and their resolution. The EEOC may contact the outside individual at any time during the term of this decree and request information and/or copies of records.

    a. The anti-discrimination/harassment policy and complaint

procedure shall follow the parameters designated in Appendix C.

    b.    Faros will include the devised policy and complaint procedure as agreed upon by the parties in an employee manual or other printed memorandum and distributed individually to each employee within 45 days of entry of the decree.

    c.    Faros will provide the anti-discrimination/harassment policy and complaint procedure to new employees upon hire.

    d.    Faros further will separately explain this policy and complaint procedure will be separately explained to each employee at the time he or she receives a written copy of the them.

    e.    Within 45 days of entry of the decree, Faros, Inc. will post at prominent and accessible places in each restaurant owned by Dennis Tripidos a summary of its anti-discrimination/harassment policy and complaint procedure that includes the 24-hour toll-free telephone number for reporting incidents of harassment or retaliation.  The summary will also indicate how employees can obtain a hardcopy of the complete policy and complaint procedure.  This notice will further indicate that all employees may also contact the Equal Employment Opportunity Commission, 101 West Ohio Street, Suite 1900, Indianapolis, Indiana 46204, (317) 226-7212 with any questions concerning discrimination or harassment.

    f.    No later than 15 days before it implements this policy and procedure, Faros shall provide a copy of its written policy and procedure to the EEOC.  The EEOC reserves its right to provide reasonable input on the content

4

of this policy and procedure and the identification of any deficiencies, which Faros agrees to correct before it implements and disseminates the policy and procedure.

6. Faros shall conduct one four-hour training seminar for all employees, including all employees, supervisors and managers regarding Title VII and Faros' anti-discrimination/harassment and complaint procedures, including the handling of employee complaints of sexual harassment. This training shall cover: (a) the record-keeping obligations of Title VII; and (b) what constitutes an unlawful employment practice under Title VII and, in particular, sexual harassment and retaliation. The training must be conducted within 180 days from the date of entry of this decree, and will be repeated for all supervisors and managers approximately 12 months thereafter for the duration of this decree. No fewer than 30 days before each training session, Faros shall provide notice to the EEOC of the date, time, and place of the training, and shall send to the EEOC a copy of the training program and all written materials, if any, to be used. The EEOC may provide reasonable input on the content of the training but shall do so no later than ten days prior to the training.

7. Faros shall submit reports to the EEOC detailing its compliance with this decree. Within 60 days of the date of this Decree, Faros will certify to the EEOC Regional Attorney that the distribution and explanation of the policy/complaint procedure has been completed and provide the EEOC with a copy of the personnel manual or memorandum containing the policy

prohibiting sexual harassment.  Faros further shall submit a report to the EEOC within 30 days of its completion of the training described in paragraph 6 above.  Said report shall include the date the training took place and a list of all those employees who attended the training.

In addition, four annual reports shall be submitted during the term of this decree.  The first report shall be due on December 31, 2011 and the subsequent reports shall be mailed to the EEOC no later than December 31st of each year covered by the decree.  The report shall include the following information for the twelve (12) month period preceding the report:  a description of any and all verbal or written complaints of sexual harassment received by the company or any of its managers or supervisors from any employee, and the name and position of the complainant and the disposition of the complaint, including any discipline administered as a result of the complaint.  Reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

8.   Faros agrees that the EEOC may review compliance with this decree.  As part of such review, the EEOC may inspect the premises, interview employees, examine and copy documents.

9.   In the event that the EEOC alleges that a violation of this decree has occurred, prior to exercising any remedy provided by law, the EEOC will give notice in writing thereof, specifically identifying the alleged violation to Faros.  Faros will have 30 days in which to investigate and respond to the

allegation. Thereafter, the parties will have a period of 30 days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before Plaintiff exercises any remedy provided by law.

    10.    The term of this decree shall be for five years following the date of the entry of this decree.

    11.    The EEOC and Faros will bear their own costs and attorney fees.

    12.    <u>RETENTION OF JURISDICTION BY COURT</u>.    The Court will retain jurisdiction of this cause throughout the duration of this decree for purposes of monitoring compliance with this decree and entry of such further orders as may be necessary or appropriate.

 September 30, 2011        /s/ Rudy Lozano
Date                      Judge, United States District Court

Copies to:

    Robin M. Lybolt, Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    101 W. Ohio Street, Suite 1900
    Indianapolis, Indiana  46204

    Edward P. Grimmer
    Joseph C. Svetanoff
    AUSTGEN KUIPER & ASSOC.
    130 N. Main Street
    Crown Point, Indiana 46307
    egrimmer@austgenlaw.com
    jsvetanoff@austgenlaw.com

## APPENDIX A

**RELEASE**

In consideration of the payment to me by Faros, Inc. of $23,000 (less any applicable taxes or withholdings), and in consideration of the Consent Decree agreed to by me, the Equal Employment Opportunity Commission and Faros, Inc., in Civil Action No. 3:10-cv-407-RL-CAN entered by the Court on the _____ day of _____, 2011, of which this Release is a part, I, Irene C. Brown-Hulse, for myself and for my heirs, assigns, agents and representatives, hereby fully and forever release and discharge Faros, Inc., its successors and assigns, including its present and former shareholders, directors, officers, employees and agents, from any claim, loss, cost, expense or obligation based on the claim that Faros, Inc. subjected me to sexual harassment in violation of Title VII, as raised in Civil Action No. 3:10-cv-407-RL-CAN

I agree that I will be solely and individually responsible for paying any and all taxes (including FICA or otherwise) which may be due and owing, if any, as a result of Faros, Inc.'s payment of the sum set forth above.  I acknowledge that I have not relied on any representations made by Faros, Inc., its counsel, or the EEOC, or its counsel, including without limitation, any representation as to the tax treatment of the payments pursuant to this agreement.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2011.

_____
Name

County of          )
                   )SS
State of           )

Subscribed and sworn to before me this _____ day of _____, 2011.

_____
Notary Public

<u>APPENDIX B</u>
# EMPLOYEE NOTICE

## **NOTICE OF NON-DISCRIMINATION POLICY**

This Notice is being distributed and posted by agreement between Faros, Inc., and the United States Equal Employment Opportunity Commission ("EEOC").

Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (over 40), disability or genetics.

Federal law also prohibits sexual harassment in the workplace. Sexual harassment in the workplace occurs when the employer allows its employees to be subjected to verbal or physical conduct of a sexual nature and this conduct interferes with the employee's work or creates an intimidating or offensive work environment. Sexual harassment also occurs when an employer conditions an employee's continued employment upon the return of sexual favors or attention. Faros, Inc., employees are expected to personally ensure that they do not engage in sexual harassment in the workplace.

Any employee who feels subjected to discrimination or harassment of any kind should immediately report it to his/her manager or supervisor. If the employee feels uncomfortable reporting a complaint of discrimination to his/her manager or supervisor, for any reason, the employee may telephone _____, at _____.
All such reports will be investigated thoroughly and, if the report has merit, disciplinary action up to and including discharge will be taken against the offender.

Faros Inc. supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**
**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone: (317) 226-7212**
**EEOC 800 # 1-800-669-4000**
**TDD (317) 226-4162**

# APPENDIX C

## HARASSMENT POLICIES AND COMPLAINT PROCEDURES

Faros, Inc. will devise for each of the restaurants owned and/or operated by Dennis Tripidos written policies and procedures prohibiting discrimination and harassment on all protected bases (race, color, sex, religion, national origin, age, disability, or genetics), prohibiting retaliation for complaining about, reporting, or otherwise opposing such harassment and including a comprehensive complaint procedure. These policies and procedures for reporting and investigating incidents of alleged harassment will also apply to incidents of alleged retaliation. The policies and procedures will state that they have been promulgated at the direction of Faros Inc.'s owner and are expressly endorsed by management. The policies and procedures should be easily understood and should include at a minimum the following:

1. Clear definitions of all bases for harassment and retaliation, with examples where appropriate.

2. Statements prohibiting discrimination/harassment and retaliation.

3. A statement encouraging employees to report incidents of discrimination/harassment.

4. Convenient, confidential, and reliable mechanisms for reporting incidents of harassment.

5. Designation and broad dissemination of a 24-hour, 7 days a week toll-free number for an identified independent individual who will receive and investigate reports of harassment.

6. A statement that reports of harassment can be made to any supervisory or managerial employee.

7. A statement that reports of harassment can be made orally or in writing and can be made anonymously.

8. A requirement that any supervisory/managerial employee who observes or otherwise obtains information regarding harassment report such information to the individual designated to investigate all complaints of harassment.

9. A requirement that when information from any source is received by a supervisory/ managerial employee indicating that harassment may have occurred, Faros, Inc. will conduct a complete investigation of the possible harassment.

10. A statement that all individuals contacted in the course of an harassment investigation will be assured that no form of retaliation or reprisal against an individual who reported, provided information regarding, or was the alleged target of harassment will be tolerated and that any such retaliation or reprisal will result in serious disciplinary action, including discharge.

11

11. A reasonable timetable for the commencement and completion of harassment investigations.

12. A requirement that harassment investigations be conducted in a discrete manner that does not embarrass or intimidate the alleged targeted individual or any other person contacted during the investigation.

13. A requirement that written findings of the results of each harassment investigation be prepared.

14. A requirement that appropriate remedial action be taken upon conclusion of an investigation.

15. A requirement that the results of each harassment investigation, including any remedial or disciplinary action proposed or taken, will be formally communicated to the individual(s) reporting the harassment and to the target of the alleged harassment.

16. A requirement that all information related to a harassment investigation will be retained in a designated file.

17. A requirement that any individual who engages in prohibited harassment, fails to cooperate in any harassment investigation, or retaliates against a person who reports or complains about harassment or participates in a harassment investigation will be appropriately disciplined and that a record of such discipline will be placed permanently in the individual's personnel file.